**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER BROWER,**

    **PLAINTIFF,**                  **Case No.:**

**v.**

**THERMACOR SOUTHEAST, INC.,**

    **DEFENDANT.**
_____/

## COMPLAINT

Plaintiff, by and through his counsel, brings this action for damages and alleges that he was discriminated against in violation of 42 U.S.C. § 1981 on the basis of his race (Black). Specifically, Defendant created a hostile work environment for Plaintiff based on his race. In further support of his allegations, Plaintiff states as follows:

Parties

1. Plaintiff, Christopher Brower, is a qualified Black male and a member of a protected class due to his race.

2. Plaintiff was Defendant's employee in the four years prior to this action.

3.   Defendant is a for-profit, foreign corporation operating as a pipe manufacturer.

4.   Plaintiff worked as a laborer for Defendant from approximately August 27, 2019 until approximately July 13, 2020.

## Jurisdiction

5.   Plaintiff is domiciled in Polk County, Florida.

6.   Defendant is a corporation conducting business in Polk County, Florida.

7.   Defendant conducts business and employed Plaintiff in Polk County, Florida and the amount in controversy exceeds $53,216.20

8.   All material events occurred in Polk County, Florida.

9.   This lawsuit has been filed in a timely manner.

10.   All prerequisites have been satisfied.

11.   Plaintiff is a Black male and therefore a member of a protected class.

12.   Defendant is subject to 42 U.S.C 1981.

13.   Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination.

## General Factual Allegations

14.   Plaintiff was employed by Defendant as a laborer.

2

15.    As a laborer, Plaintiff was responsible for manufacturing pipe and other commercial products.

16.    During the entirety of Plaintiff's employment with Defendant, Plaintiff worked for Defendant in Mulberry, Florida.

17.    During the entirety of Plaintiff's employment, Plaintiff worked alone with one other employee, Robert McGaughy (White), in Defendant's Mulberry, Florida facility.

18.    During Plaintiff's employment with Defendant, Plaintiff and Mr. McGaughy were the only employees working in Defendant's Mulberry, Florida facility.

19.    During the entirety of Plaintiff's employment, Mr. McGaughy discriminated against Plaintiff on the basis of his race. Mr. McGaughy routinely treated Plaintiff with hostility, animus, and degradation because Plaintiff is a Black man.

20.    Plaintiff both deserved and desired to work in an environment free from racial discrimination and racial hostility.

21.    Mr. McGaughy constantly intimidated Plaintiff on the basis of Plaintiff's race by telling Plaintiff that his family-owned African slaves.

22.    Mr. McGaughy's statements to Plaintiff regarding Mr. McGaughy's family owning slaves was intended to intimidate Plaintiff because Plaintiff is a Black male.

23.    The statements about slaves were also intended to intimidate Plaintiff because Mr. McGaughy (White) was Plaintiff's boss or "master" in the workplace and Mr. McGaughy desired to have dominion over Plaintiff.

24.    Florida has a dark and ugly history regarding the enslavement of Africans and slavery in Florida ended just 156 years ago. The wounds of slavery are still fresh to many Black Americans, including Plaintiff.

25.    Mr. McGaughy also intimidated Plaintiff by repeatedly and proudly telling Plaintiff that Mr. McGaughy is a member of "Sons of Confederate Veterans." The Sons of Confederate Veterans celebrate their family members who fought to maintain the enslavement of Black and African people in Florida. There was no legitimate purpose for Mr. McGaughy to tell Plaintiff about his membership in the organization other than to harass and intimidate Plaintiff based on Plaintiff's race.

26.    In addition to repeatedly intimidating Plaintiff regarding slavery, Defendant subjected Plaintiff to physical abuse in the workplace.

27.    Specifically, Defendant's driver (White), who was making a delivery in Defendant's Mulberry, Florida location, inexcusably assaulted and battered Plaintiff while Plaintiff was working and in full view of Mr. McGaughy.

4

28. Plaintiff immediately reported the abuse to Mr. McGaughy and Mr. McGaughy responded by laughing hysterically and telling Plaintiff not to be a "pussy."

29. Mr. McGaughy took the position that because Plaintiff is a Black male, he either deserved to be physically abused or that physical abuse of Plaintiff didn't matter because of his race.

30. Mr. McGaughy told Plaintiff that he would not have allowed himself to be assaulted by the driver, but took no action to either prevent the driver from assaulting Plaintiff or reprimanding the driver from assaulting Plaintiff.

31. During Plaintiff's employment with Defendant, Mr. McGaughy often referred to Plaintiff as a criminal due to Plaintiff's race. Mr. McGaughy often stereotyped Black people based on the actions of one individual. Mr. McGaughy regularly referred to Plaintiff and Black people as "you people" and routinely referred to Plaintiff as a criminal based on nothing more than Plaintiff's race. In fact, Mr. McGaughy told Plaintiff that he believes Plaintiff is a drug dealer because Plaintiff is Black and has nice things.

32. The discriminatory manner in which Mr. McGaughy treated Plaintiff based on Plaintiff's race adversely impacted the terms, conditions, privileges, and benefits of Plaintiff's employment.

33. Because Plaintiff and Mr. McGaughy were the only employees in the facility, there was nowhere for Plaintiff to run to avoid the racially discriminatory and racially hostile attacks waged by Mr. McGaughy.

34. Plaintiff's self-respect, dignity, and self-worth were diminished on a daily basis because of the racism he experienced from Defendant. Plaintiff was in the difficult position of subjecting himself to racially motivated abuse because of his need for employment.

35. Defendant treated Plaintiff with hostility and in a desperate manner because of Plaintiff's race, Black.

36. During the entirety of Plaintiff's employment with Defendant, Plaintiff was the only Black employee that Defendant employed in the Mulberry, Florida facility.

37. Defendant's manager regularly and habitually made racist, derogatory, and racially charged statements to Plaintiff.

38. During Plaintiff's employment, Defendant routinely mocked and antagonized Plaintiff on the basis of his race by repeatedly stating that Plaintiff was a drug dealer based on his race. The statements were calculated and derogatory racial insults against Plaintiff based on the widely believed stereotype that Black people are criminals and drug dealers.

39.     Defendant did not state, intimate, or suggest that other non-Black people were drug dealers. The derogatory statements were exclusively reserved for Plaintiff because of his race.

40.     On or about July 13, 2020, Plaintiff resigned from his employment with Defendant because he could no longer tolerate the racial discrimination he experienced on a daily basis.

### Count One
### Race Discrimination in violation of 42 U.S.C. 1981

41.     Plaintiff hereby incorporates and re-alleges 1-40, above.

42.     Plaintiff is a Black male and therefore a member of a protected class due to his race.

43.     Plaintiff was employed by Defendant from approximately August 27, 2019 until July 13, 2020.

44.     Plaintiff was qualified to perform the duties and responsibilities of his position with Defendant.

45.     During Plaintiff's employment, Plaintiff and Mr. McGaughy (White) were the only employees who worked in Defendant's Mulberry, Florida location.

46.     Mr. McGaughy regularly harassed Plaintiff and treated Plaintiff in a hostile manner because of Plaintiff's race. Specifically, Mr. McGaughy antagonized Plaintiff about slavery by bragging to Plaintiff about his family owning slaves, his

membership with the Sons of Confederate Veterans, calling Plaintiff a drug dealer, and allowing Plaintiff to be physically abused in the workplace because of his race.

47. Mr. McGaughy adversely impacted the terms, conditions, benefits, and privileges of Plaintiff's employment by racially discriminating against Plaintiff on the basis of Plaintiff's race.

48. Mr. McGaughy regularly and routinely harassed Plaintiff in the workplace because of Plaintiff's race. The harassment occurred multiple times per week during the entirety of Plaintiff's employment with Defendant.

49. Mr. McGaughy's racial harassment was both severe and pervasive and altered the terms, conditions, privileges, and benefits of Plaintiff's employment. Each day Plaintiff went into work he was subjected to Ms. McGaughy's attacks and Plaintiff's dignity, pride, self- respect, and self-worth were damaged on a daily basis.

50. At all times during Plaintiff's employment, Mr. McGaughy was Defendant's manager and was in charge of the Mulberry, Florida office. Mr. McGaughy was an executive with considerable influence and authority in Defendant's organization. Mr. McGaughy made decisions on behalf of Defendant and served as Defendant's agent.

51. 42 U.S.C. § 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and

equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

52. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate workplace.

53. Despite the provisions of 42 U.S.C. 1981, Defendant took adverse employment actions against Plaintiff because of Plaintiff's race.

54. Plaintiff was financially and emotionally damaged as a direct result of Defendant's discriminatory treatment.

## **<u>Jury Demand and Prayer for Relief</u>**

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

Respectfully submitted this 27th day of December, 2021.


/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com